# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:17-CV-00159-LLK

**JOSEPH BRAD BELCHER on behalf of KAREN L. BELCHER, Deceased**          **PLAINTIFF**

v.

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 15 and 21, and the case is ripe for determination. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 9).

Because the Administrative Law Judge's (ALJ's) decision was supported by substantial evidence and was in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's Complaint.

## Background facts and procedural history

In December 2013, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, alleging that she became disabled in November 2011. (Administrative Record (AR), p. 14). Plaintiff's insured status expired in December 2012, making the issue before the ALJ whether Plaintiff was disabled during the relevant period from November 2011 through December 2012. (AR, p. 16). In her July 2001 decision, the ALJ found that, during the relevant period, Plaintiff had, notwithstanding her impairments, the residual functional capacity (RFC) to perform a limited range of sedentary work. (AR, p. 17). The ALJ concluded that Plaintiff was not disabled because she retained the ability to perform her past relevant work as a sedentary office manager. (AR, p. 21). The ALJ

acknowledged that Plaintiff's "condition significantly declined in 2014" – after the date last insured in 2012 (AR, p. 21). She was admitted to a nursing facility and died in November 2017.

Plaintiff suffered from obesity, diabetes mellitus, history of congestive heart failure, and chronic obstructive pulmonary disease. (ALJ's decision, AR, p. 16). She had a history of lengthy hospitalizations on four occasions -- before, during, and after the relevant period from November 2011 through December 2012. She was hospitalized for twelve days in January 2008, due to cellulitis (bacterial skin infection) of the abdominal wall requiring surgery and wound vac placement; for nine days in December 2009 and January 2010, due to congestive heart failure and pitting edema (swelling) of the lower extremities; for 20 days in October and November 2011, due to panniculitis (inflammation of subcutaneous adipose tissue) and streptococcus septicemia (bacterial bloodstream infection); and for twenty days in August 2014, due to diabetic ketoacidosis, cellulitis of the left lower extremity, urinary tract infection, and sepsis (inflammatory response to infection). (AR, pp. 549-52; 592-601; 263-75; 555-69).

**The ALJ's finding that Plaintiff had an RFC for sedentary work during the relevant period was supported by substantial evidence.**

Plaintiff argues that the ALJ's finding that she had an RFC for sedentary work (during the relevant period from November 2011 through December 2012) was not supported by substantial evidence. The argument is unpersuasive because Plaintiff had the burden of proving that she was incapable of even sedentary work in support of her disability claim, and she failed to do so. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007) ("[T]he claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work") (quoting *Jones v. Comm'r*, 336 F.3d 469, 474 (6th Cir. 2003)); *see also* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity").

2

In support of her claim, Plaintiff obtained the opinion of her treating physician, Robert Hughes, who completed the standard physical assessment form in January 2016 in a manner which, if accepted, would preclude sedentary work. (AR, p. 591). Among other things, Dr. Hughes opined that Plaintiff's congestive heart failure (CHF), hypertension (HTN), and morbid obesity left her unable to sit for more than one hour during an eight-hour workday. The ALJ afforded no weight to Dr. Hughes' opinion for the relevant period because it was given:

> … more than three years after the date last insured expired. … As stated earlier, the evidence of record indicates a decline in the claimant's condition after the date last insured expired. However, the issue before undersigned is regarding the claimant's ability to perform work activity prior to December 31, 2012.

(AR, p. 21). Dr. Hughes did not indicate that his opinion relates back to the period prior to December 31, 2012. The opinion, therefore, was of little probative value. *See Grisier v. Comm'r*, 721 F. App'x 473, 477 (6th Cir. 2018) (collecting authorities for the proposition that "post-date-last-insured medical evidence generally has little probative value unless it illuminates the claimant's health before the insurance cutoff date"). The ALJ did not err in rejecting Dr. Hughes' opinion.

This case is similar to *King v. Commissioner*, No. 3:16-CV-1184, 2017 WL 1907265 (N.D. Ohio), and supports a conclusion that the ALJ's decision was supported due to an absence of proof of disabling functional limitations during the relevant period. In *King*, the ALJ was called upon to determine King's disability status from August 2003 to March 2007, based on an application filed in May 2012. *Id.* at *7. The ALJ found that King was not disabled because, during the relevant period, he retained the ability to perform past relevant work. *Id.* at *10. Although there was no examining-source medical opinion regarding King's RFC during the relevant period, the Court held that it was King's (not the ALJ's) duty to submit such evidence in support of his disability claim. *Id.* at *18. King had ample opportunity to submit such evidence and, because he was represented by counsel, "the ALJ had no heightened duty to obtain an examining physician opinion regarding King's functional limitations during the relevant time period." *Id.* at n.11. While an ALJ's RFC may be based upon or take into account a particular medical opinion with

respect to a claimant's functional limitations, "[t]he ALJ, not a physician, is assigned the responsibility of determining a claimant's RFC based on the evidence as a whole … including the medical evidence (not limited to medical opinion testimony), and the claimant's testimony." *Id.* (citation omitted).

At the close of the administrative hearing, the ALJ explained to Plaintiff that the dispositive issue is "not how you're feeling now and how you're doing now, [but rather] how were you doing back in 2012?" (AR, p. 49). The ALJ characterized the record as incomplete because "we really don't have a lot of [medical] records from that time period before, and so if there's any medical evidence you can find, I would certainly encourage you to get that in." (AR, p. 46). Specifically, medical evidence was needed bearing on Plaintiff's ability to sit for extended periods of time on and before December 2012. The ALJ left the record open for 30 days for counsel to submit such evidence, including when she was first prescribed compression wrappings for her lower extremities due to swelling and deep vein thrombosis (local blood clotting), home oxygen, and an assistive device such as a cane or walker. (AR, pp. 20, 48). In her decision, the ALJ noted the lack of significant post-hearing evidence on these matters, stating that "[t]he representative submitted a printout of the claimant's medications that were prescribed from August 2012 through December 2012. The representative also submitted additional medical records, but most was regarding treatment after the date last insured." (*Id.*) The ALJ concluded that Plaintiff was not disabled due to an absence of evidence, prior to the date last insured, of inability to perform sedentary work for a continuous 12-month period:

> Specifically, ultrasounds performed in December 2010 and October 2011 revealed no evidence of deep venous thrombosis in her bilateral [lower] and upper extremities. While she was hospitalized in 2008 for cellulitis, her condition improved.

(*Id.*).

Because Plaintiff carried the burden of proving that she could <u>not</u> perform her past relevant work and was afforded an opportunity to obtain Dr. Hughes' opinion and any other evidence bearing on

4

her ability to perform sedentary work (during the relevant period), the ALJ's finding that she could perform sedentary work was supported by substantial evidence.

**Plaintiff's remaining arguments are unpersuasive.**

Plaintiff argues that the ALJ failed to "fully appreciate the nature and severity" of her congestive heart failure. (Docket # 15, p. 18). Plaintiff's congestive heart failure is associated with shortness of breath and history of falls due to episodes of low blood pressure.

Congestive heart failure is a persistent or long-term (chronic) condition in which the heart does not pump blood as well as it should due to inadequate pumping (systolic failure) or filling (diastolic failure). *Palmer v. Comm'r*, No. 5:13-CV-190, 2014 WL 3855324, at *3 (Aug. 5, 2014 N.D. Texas). Plaintiff asserts that her cardiologist, Nathaniel Dittoe, diagnosed diastolic heart failure and that "[d]iastolic heart failure does not lower the patient's ejection [pumping] fraction." (Docket # 15, p. 5). She argues that the ALJ's reference to a lack of significant reduction in ejection fraction (AR, p. 18) was, therefore, irrelevant and misleading. (Docket # 15, p. 5). There is no indication that the ALJ discounted Plaintiff's congestive heart failure due to lack of reduction in ejection fraction, and, even if she did, Plaintiff has not shown that her congestive heart failure precluded sedentary work prior to December 31, 2012.

Finally, Plaintiff argues that the ALJ's decision does not comport with the Commissioner's policies and procedures for evaluating disability claims involving obesity set forth in Social Security Ruling (Soc. Sec. Rul.) 02-1p, 2002 WL 34686281. While a claimant cannot be found to be disabled based on obesity alone, an ALJ must "consider the effects of obesity … when assessing a claim at [all] steps of the sequential evaluation process, including when assessing an individual's residual functional capacity [RFC]." *Id.* at *1. It is insufficient for an ALJ to reference a claimant's obesity in passing. *Shilo v. Comm'r*, 600 F. App'x 956, 959 (6th Cir. 2015) (citing *Norman v. Comm'r*, 694 F.Supp.2d 738, 741-42 (N.D. Ohio 2010)). Soc. Sec. Rul. 02–01p does not, however, mandate any "particular mode of analysis"

5

in assessing the effects of obesity.  *Id.* (quoting *Bledsoe v. Comm'r*, 165 F. App'x 408, 411-12 (6th Cir. 2006)).

In this case, the ALJ's finding that Plaintiff had an RFC for sedentary work during the relevant period adequately considered the effects of her obesity because the ALJ discussed clinical findings (normal strength, gait, station, reflexes) (AR, p. 19) that, but for her obesity, would have allowed performance of greater than sedentary work (requiring more standing/walking).  Additionally, because Plaintiff was obese both before and after the date she alleges she became disabled, it is not apparent how the effects of her obesity rendered her disabled during the relevant period.

## Order

Because the ALJ's decision was supported by substantial evidence and was in accord with applicable legal standards, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's Complaint is DISMISSED.

August 17, 2018

Lanny King, Magistrate Judge
United States District Court